UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANOMETRICS, INCORPORATED, et al.,<br><br>           Plaintiffs,<br><br>     v.<br><br>OPTICAL SOLUTIONS, INC., et al.,<br><br>           Defendants.<br><br>OPTICAL SOLUTIONS INCORPORATED,<br><br>           Plaintiff,<br><br>     v.<br><br>NANOMETRICS INCORPORATED,<br><br>           Defendant. | Lead Case No.  18-cv-00417-BLF<br>Case No. 18-cv-03276-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL EXHIBITS TO DEFENDANT NANOMETRICS, INC.'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF OPTICAL SOLUTIONS, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF Nos. 138, 140, 142] |

Before the Court are (1) Defendant Nanometrics, Inc.'s ("Nanometrics") administrative motion to file under seal exhibits in support of its motion for summary judgment, ECF No. 138; (2) Plaintiff Optical Solutions, Inc.'s ("Optical") administrative motion to consider whether to seal exhibits in support of its opposition to Nanometrics's motion for summary judgment, ECF No. 140; and (3) Nanometrics's response to Optical's administrative motion to consider whether to seal exhibits, ECF No. 142.[1]  Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS IN PART and DENIES IN PART the administrative motions.

---

[1] Although Nanometrics is the plaintiff and Optical filed defendant in the lead case of this consolidated action, the Court refers to Optical as the plaintiff and Nanometrics the defendant in this order because the pending motions to seal relate to the briefing on Nanometrics's motion for summary judgment on Optical's operative complaint.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted). And although a protective order sealing the documents during discovery may reflect a court's previous determination that good cause—a lower threshold than that required for finding a compelling reason to seal—exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that

2

allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## II. DISCUSSION

The Court has reviewed the sealing motions. The basis of the parties' requests is that the information has been designated by Nanometrics as either "Highly Confidential – Attorneys' Eyes Only" or "Confidential" pursuant to the parties' protective order. ECF No. 138 at 3; ECF No. 140 at 2; ECF No. 142 at 3. Nanometrics seeks to seal information related to its "research and development, technical designs, and performance testing of its tools and their components." ECF No. 138-1 ¶ 4; ECF No. 142-1 ¶ 4. The documents at issue contain "valuable and sensitive trade secret information," including technical documentation and internal communications regarding the performance of tools that Nanometrics asserts are not publicly disclosed or are only disclosed to external entities subject to nondisclosure agreements, and in some instances are not disseminated outside of key personnel within Nanometrics. *See id.* Nanometrics contends that the public disclosure of this information could reveal to competitors information about its research and development, and related strategic business decisions. ECF No. 138 at 4; ECF No. 142 at 3–4.

The Court finds that Nanometrics has established compelling reasons to seal information that would reveal its research and development, technical designs, performance testing, and business strategies. *See, e.g.*, *In re Elec. Arts*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy"); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer

information, internal reports[.]'") (citation omitted); *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, No. 20-cv-06957-VKD, 2023 WL 350401, at *2–3 (N.D. Cal. Jan. 20, 2023) (granting sealing request of "confidential business development and internal business strategy documents and intellectual property of MiTek, including internal MiTek research and development information"). However, the Court finds that several of the sealing requests are not narrowly tailored, and grants in part and denies in part those requests. The Court's rulings on the sealing requests are set forth in the table below:

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 139-2 / (138-2) | Ex. 44 to Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED. | The portions of the document that Nanometrics seeks to seal contain confidential analyses of the performance of a product and a third-party's optical lens. *See* ECF No. 138-1 ¶ 4. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 5–6. |
| 139-2 / (138-3) | Ex. 46 to Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED IN PART AND DENIED IN PART. | Nanometrics states that it seeks to seal "technical documentation" in Exhibit 46. ECF No. 138-1 ¶ 4. Upon review, the sealable technical documentation begins on the second page of the exhibit. *See* ECF No. 138-3. Nanometrics has not provided support for the sealing of the entire first page, which includes email communications that appear to have contents not suitable for sealing, such as (at the least) email fields and introductory email language. |

4

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 139-2 / (138-4) | Ex. 47 to Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED IN PART AND DENIED IN PART. | Nanometrics states that it seeks to seal "technical documentation" in Exhibit 47. ECF No. 138-1 ¶ 4. Upon review, the sealable technical documentation begins on the second page of the exhibit. *See* ECF No. 138-4. Nanometrics has not provided support for the sealing of the entire first page, which includes email communications that appear to have contents not suitable for sealing, such as (at the least) email fields and introductory email language. |
| 139-2 / (138-5) | Ex. 49 to Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED IN PART AND DENIED IN PART. | Nanometrics states that it seeks to seal internal communications regarding performance analysis of certain products. ECF No. 138-1 ¶ 4. Although the sealing requests as to this document are for the most part narrowly tailored, the proposed redactions include an entire page of redacted material that includes information, such as email fields, that Nanometrics has not shown to be sealable and that is inconsistent with other sealing requests within the document. *See* ECF No. 138-5 at 6 (NANO_000472308). |
| 139-3 / (138-6) | Ex. 50 to Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal contains a confidential internal analysis of the performance of a product. *See*, ECF No. 138-1 ¶ 4. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 5–6. |

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 139-3 / (138-7) | Ex. 54 to Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal contains a confidential internal analysis of the performance of a product. *See* ECF No. 138-1 ¶ 4. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 5–6. |
| 139-3 / (138-8) | Ex. 56 to A. Smith Declaration in Support of Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED. | The portions of the document that Nanometrics seeks to seal contain confidential analyses of the performance of a product and a third-party's optical lens. *See* ECF No. 138-1 ¶ 4. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 5–6. |
| 141-3 / (140-3, 142-2) | Ex. A to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED IN PART AND DENIED IN PART. | Nanometrics states that it seeks to seal "technical documentation" in Exhibit A. ECF No. 142-1 ¶ 5. Upon review, the sealable technical documentation begins on the second page of the exhibit. *See* ECF Nos. 140-3, 142-2. Nanometrics has not provided support for the sealing of the entire first page, which includes email communications that appear to have contents not suitable for sealing, such as (at the least) email fields and introductory email language. |

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 141-4 / (140-4, 142-3) | Ex. B to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal consists of excerpts of a presentation regarding a confidential internal analysis of the performance of a product. *See* ECF No. 142-1 ¶ 5. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 6, 10. |
| 141-5 / (140-5, 142-5) | Ex. C to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED as to portions highlighted in ECF No. 142-5. | The portions of the document that Nanometrics seeks to seal contain highly sensitive and detailed deposition testimony regarding Nanometrics's technical trade secrets and commercially sensitive business opportunities. *See* ECF No. 142-1 ¶ 8. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, as well as strategic business decisions. *See id.* ¶ 10. |
| 141-12 / (140-6) | Ex. J to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | DENIED. | Optical lodged this document provisionally under seal as containing information designated confidential by Nanometrics. *See* ECF No. 140-6. Nanometrics responds that the document does not require sealing. *See* ECF No. 142 at 1–2, 5. |

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 141-16 / (140-7, 142-6) | Ex. N to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal contains only technical documentation, including diagrams and handwritten annotations, disclosed to Optical pursuant to a nondisclosure agreement between the parties. *See* ECF Nos. 142-1 ¶¶ 5, 10; 142-6.  Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features.  *See id.* ¶¶ 6, 10. |
| 141-17 / (140-8, 142-7) | Ex. O to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal contains only technical documentation, including diagrams and handwritten annotations, disclosed to Optical pursuant to a nondisclosure agreement between the parties. *See* ECF Nos. 142-1 ¶¶ 5, 10; 142-7.  Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features.  *See id.* ¶¶ 6, 10. |
| 141-18 / (140-9, 142-9) | Ex. P to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED as to portion highlighted in ECF No. 142-9. | The portion of the document that Nanometrics seeks to seal contains highly sensitive information related to discussions between Optical and Nanometrics regarding technical details and product adjustments contemplated during product development.  *See* ECF No. 142-1 ¶¶ 5, 10.  Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, as well as strategic business decisions.  *See id.* ¶¶ 6, 10. |

8

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 141-20 / (140-10, 142-11) | Ex. R to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED as to portions highlighted in ECF No. 142-11. | The portion of the document that Nanometrics seeks to seal contains highly sensitive information related to discussions between Optical and Nanometrics regarding technical details and product adjustments contemplated during product development. *See* ECF No. 142-1 ¶¶ 5, 10. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, as well as strategic business decisions. *See id.* ¶¶ 6, 10. |
| 141-23 / (140-11, 142-12) | Ex. U to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED IN PART AND DENIED IN PART. | Nanometrics states that it seeks to seal "highly sensitive information related to discussions between [Optical] and Nanometrics regarding technical details and adjustments" contained in "[p]ortions" of Exhibit U. ECF No. 142-1 ¶ 5. Upon review, every page of the document contains some information, such as email fields and introductory email language, that Nanometrics has not shown to require sealing, and the request to seal is denied as to those portions of the document. |
| 141-25 / (140-12, 142-13) | Ex. W to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal consists of excerpts of a presentation regarding a confidential internal analysis of the performance of a product. *See* ECF No. 142-1 ¶ 5. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 6, 10. |

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 141-26 / (140-13, 142-14) | Ex. X to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal consists of excerpts of a presentation regarding a confidential internal analysis of the performance of a product. *See* ECF No. 142-1 ¶ 5. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, including proprietary features. *See id.* ¶¶ 6, 10. |
| 141-27 / (140-14, 142-16) | Ex. Y to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED as to portions highlighted in ECF No. 142-16. | The portions of the document that Nanometrics seeks to seal contain highly sensitive and detailed deposition testimony regarding Nanometrics's technical trade secrets and commercially sensitive business opportunities. *See* ECF No. 142-1 ¶ 8. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, as well as strategic business decisions. *See id.* ¶ 10. |
| 141-28 / (140-15, 142-18) | Ex. Z to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED as to portions highlighted in ECF No. 142-18. | The portions of the document that Nanometrics seeks to seal contain commercially sensitive descriptions of Nanometrics's internal strategy and business practices, including its business partnerships with suppliers and certain practices to achieve a competitive advantage in the market. *See* ECF No. 142-1 ¶ 7. Public disclosure of this information could cause competitive harm to Nanometrics's business negotiations and reveal strategic business decisions. *See id.* ¶¶ 7, 10. |

| **Public ECF No. / (Sealed ECF No.)** | **Document to be Sealed** | **Result** | **Reasoning** |
|---|---|---|---|
| 141-34 / (140-16, 142-19) | Ex. FF to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document Nanometrics seeks to seal constitutes sensitive trade secret information, including specifications for a third-party vendor's product. *See* ECF No. 142-1 ¶ 5. Public disclosure of this information could cause competitive harm to Nanometrics by jeopardizing its trade secret information and revealing strategic decision-making processes. *Id.* ¶¶ 6, 10. |
| 141-36 / (140-17, 142-20) | Ex. HH to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED IN PART AND DENIED IN PART. | Nanometrics states that it seeks to seal "commercially sensitive information including . . . descriptions of business partnerships with various suppliers and Nanometrics' business practices to achieve a competitive advantage." ECF No. 142-1 ¶ 7. Upon review, the document contains some information, such as email fields and introductory email language, that Nanometrics has not shown to require sealing. The request to seal is denied as to those portions. |
| 141-39 / (140-18, 142-21) | Ex. KK to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Entire document) | GRANTED. | The document that Nanometrics seeks to seal consists of technical documentation and performance analyses of its products. *See* ECF No. 142-1 ¶ 9. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development and strategic business decisions. *See id.* ¶ 10. |

| Public ECF No. / (Sealed ECF No.) | Document to be Sealed | Result | Reasoning |
|---|---|---|---|
| 141-44 / (140-19, 142-23) | Ex. PP to M. Johnson Declaration in Support of Optical's Opposition to Nanometrics's Motion for Summary Judgment (Highlighted portions) | GRANTED as to portions highlighted in ECF No. 142-23. | The portions of the document that Nanometrics seeks to seal contain highly sensitive and detailed deposition testimony regarding Nanometrics's technical trade secrets and commercially sensitive business opportunities. *See* ECF No. 142-1 ¶ 8. Public disclosure of this information could cause competitive harm to Nanometrics by giving competitors insight into Nanometrics's research and development, as well as strategic business decisions. *See id.* ¶ 10. |

### III.   ORDER

For the foregoing reasons, the Court orders as follows:

1. Within seven days of the entry of this order, Nanometrics SHALL refile Exhibits 46, 47, and 49 to its Motion for Summary Judgment, redacted in accordance with the guidance provided for each of the three exhibits;

2. Within seven days of the entry of this order, Nanometrics SHALL provide Optical with copies of Exhibits A, C, J, P, R, U, Y, Z, HH, and PP to Optical's Opposition to Nanometrics's Motion for Summary Judgment, having redacted those exhibits in accordance with this order; and

3. Within five days of Optical's receipt from Nanometrics of the redacted versions of Exhibits A, C, J, P, R, U, Y, Z, HH, and PP, Optical SHALL refile those exhibits to its Opposition to Nanometrics's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: June 21, 2023

BETH LABSON FREEMAN
United States District Judge