1

2

3

4                                UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7    NANOMETRICS, INCORPORATED, et           Case No.  18-cv-00417-BLF
     al.,
8                                             **ORDER REGARDING**
                         Plaintiffs,          **ADMINISTRATIVE SEALING**
9                                             **MOTIONS**
                    v.
10                                            Re: ECF Nos. 158, 159, 160
     OPTICAL SOLUTIONS, INC., et al.,
11
                         Defendants.
12   OPTICAL SOLUTIONS, INC., et al.,

13                       Cross-Plaintiffs,

14                  v.

15   NANOMETRICS, INCORPORATED, et
     al.,
16
                         Cross-Defendants.
17

18          Before the Court are three administrative sealing motions (the "Motions") filed by Plaintiff

19   and Cross-Defendant Nanometrics, Inc. ("Nanometrics"):  (1) an Administrative Motion to File

20   Under Seal, ECF No. 158; (2) an Administrative Motion to Consider Whether Another Party's

21   Material Should be Sealed, ECF No. 159; and (3) an Administrative Motion to Consider Whether

22   a Third Party's Material Should be Sealed, ECF No. 160.  All three Motions concern information

23   contained in the report of Nanometrics's expert, Julie H. Knox (the "Knox Report"), submitted

24   with the witness list filed by the parties in advance of the pretrial conference set for October 20,

25   2023.  Defendant and Cross-Plaintiff Optical Solutions, Inc. ("Optical") has not responded to any

26   Motion.  For the reasons stated below, Nanometrics's Administrative Motion to File Under Seal is

27   GRANTED, and the Administrative Motions to Consider Whether Another Party's or a Third

28   Party's Material Should be Sealed are DENIED WITHOUT PREJUDICE.

United States District Court
Northern District of California

## I.      LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.  In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5.  That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."  Civ. L.R. 79-5(c)(1).  Civil Local Rule 79-5 additionally requires the moving party to provide "evidentiary support from declarations where necessary."  Civ. L.R. 79-5(c)(2).  The proposed order must be "narrowly tailored to seal only the sealable material."  Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  Civ. L.R. 79-5(f).  In that case, the filing party need not satisfy the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(1).  Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1).  Civ. L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *Id.*  Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.      DISCUSSION

The Court finds that the "good cause" standard applies to all three Motions because the Knox Report is submitted in connection with a joint pretrial conference statement, which is not

1  more than tangentially related to the merits of a case.  *See Int'l Swimming League, Ltd. v.*

2  *Federation Internationale de Natation*, No. 18-cv-07394, 2021 WL 624172, at *1 (N.D. Cal. Jan.

3  19, 2021) (applying good cause standard for sealing case management statement); *Jones v. PGA*

4  *Tour*, No. 22-cv-04486, 2023 WL 2232094, at *2 (N.D. Cal. Feb. 23, 2023) (same).

5      **A.       Nanometrics's Administrative Motion to File Under Seal (ECF No. 158)**

6          Nanometrics seeks to file under seal portions of the Knox Report and certain exhibits

7  attached thereto because the information sought to be sealed contains either (1) confidential, non-

8  public information about Nanometrics's business strategy and analysis regarding its products,

9  including information about the pricing, product release strategy, revenue, and competitive

10  decision-making related to those products, or (2) confidential and private employee salary and

11  sales commission information.  *See* Decl. of Amy M. Smith ("Smith Decl.") ¶ 3, ECF No. 158-1.

12  Nanometrics further submits that the public disclosure of the former type of information could

13  cause competitive harm by giving competitors insight into Nanometrics's business strategies, and

14  that disclosure of the latter type of information would reveal sensitive private information about

15  former and current employees who are not parties to this action.  *See id.*  Optical has not opposed

16  the sealing request.

17          The "good cause" standard for sealing is met for confidential business information and

18  private employee information that Nanometrics seeks to seal, as courts have found similar material

19  to meet even the more stringent "compelling reasons" standard.  *See In re Elec. Arts, Inc.*, 298 F.

20  App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that

21  might harm a litigant's competitive strategy");  *Hernandez v. County of Monterey*, No. 13-cv-

22  02354, 2023 WL 4688522, at *3–4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal

23  email addresses and other personal contact information).  The Court finds that Nanometrics's

24  sealing requests are narrowly tailored in accordance with the local rules of this district, and sets

25  forth its rulings in the chart below.

26

27

28

United States District Court
Northern District of California

| ECF No. | Document | Proposed Redactions | Ruling |
|---------|----------|---------------------|--------|
| 158-2 | Knox Report | Highlighted portions at pages 14–28 and Exhibits 4–5 | GRANTED, as containing information related to Nanometrics's internal financial results and sensitive business issues. |
| 158-2 | Knox Report | Highlighted portions at Exhibits 6, 7.1. | GRANTED, as containing confidential and private employee salary and sales commission information. |

**B.   Nanometrics's Administrative Motions to Consider Whether Another Party's Information Should be Sealed (ECF No. 159) and Whether a Third Party's Information Should be Sealed (ECF No. 160)**

Nanometrics has submitted two administrative motions to consider sealing portions of the Knox Report containing or referring to material designated confidential by either Optical, *see* ECF No. 159, or third party Opticraft Inc. ("Opticraft"), *see* ECF No. 160.  Both motions were filed on October 5, 2023.  Accordingly, Optical and Opticraft were required to file a statement or declaration meeting the requirements of Civil Local Rule 79-5(c)(1) by October 12, 2023, in order to maintain their material under seal.  *See* Civ. L.R. 79-5(f)(3).  As of the date of the entry of this order, neither Optical nor Opticraft has submitted such a statement or declaration.  A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party.  *See* Civ. L.R. 79-5(f)(3); *Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to consider whether another party's material should be sealed because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).  Thus, the Court rules as follows:

| ECF No. | Document | Designating Party | Conditionally Redacted Material | Ruling |
|---------|----------|-------------------|---------------------------------|--------|
| 158-2 | Knox Report | Optical | Highlighted portions at Exhibit 11. | DENIED WITHOUT PREJUDICE, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 158-2 | Knox Report | Opticraft | Highlighted portions at page 35 and Exhibit 12. | DENIED WITHOUT PREJUDICE, as failing to comply with Civ. L.R. 79-5(f)(3). |

**III.    ORDER**

For the foregoing reasons, the Court hereby ORDERS that:

1.  Nanometrics's Administrative Motion to File Under Seal, ECF No. 158, is GRANTED.

2.  Nanometrics's Administrative Motion to Consider Whether Another Party's Material Should be Sealed, ECF No. 159, is DENIED WITHOUT PREJUDICE. Optical may file a statement and/or declaration under Civil Local Rule 79-5(f)(3) within 10 days of the entry of this order.

3.  Nanometrics's Administrative Motion to Consider Whether A Third Party's Material Should be Sealed, ECF No. 160, is DENIED WITHOUT PREJUDICE. Opticraft may file a statement and/or declaration under Civil Local Rule 79-5(f)(3) within 10 days of service of the entry of this order.

4.  Nanometrics SHALL serve a copy of this order upon Opticraft or its counsel within three days of the entry of this order, and it SHALL file proof of such service.

5.  If Optical or Opticraft fails to timely file a statement and/or declaration, Nanometrics SHALL, within three days of Opticraft's deadline to submit a statement or declaration, file a copy of the Knox Report on the public docket that removes the conditional redactions of materials designated confidential by the respective entity.

**IT IS SO ORDERED.**

Dated: October 17, 2023

Beth Labson Freeman
United States District Judge