UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTICAL SOLUTIONS, INC., a New Hampshire corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANOMETRICS, INCORPORATED, a Delaware corporation,<br><br>　　　　Defendant.<br>NANOMETRICS, INCORPORATED, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>OPTICAL SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No.  18-cv-00417-BLF (consolidated)<br><br>**ORDER DENYING NANOMETRICS, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OF ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 190 |

　　　　Presently before the Court is Defendant Nanometrics, Inc.'s ("Nanometrics") Motion for Leave to File Motion for Partial Reconsideration (the "Motion") of the Court's Order Denying Nanometrics's Motion for Summary Judgment (the "MSJ Order"). *See* Mot., ECF No. 190. Nanometrics seeks leave to move for reconsideration on two grounds, arguing that (1) with respect to Plaintiff Optical Solutions, Inc.'s ("Optical") claim for breach of contract, the MSJ Order improperly found a dispute of fact based on Optical's "new and unpled argument of excuse," and (2) with respect to Optical's promissory estoppel claim, the MSJ Order should have considered whether Optical's "new argument that there were no 'fixed and final' specifications" was contrary to the Court's prior orders regarding the conditional promise at issue and precluded a conclusion that there was a clear and unambiguous promise. *See id.* at 1, 8. Prior to filing the Motion,

Nanometrics raised the former issue at the Final Pretrial Conference held on October 20, 2023, and, pursuant to the Court's request, submitted citations to the record pertaining to its assertion that the Court's prior orders in this action conflicted with the theory of excuse purportedly raised by Optical.  *See* ECF No. 189.

## I. LEGAL STANDARD

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case.  Civ. L.R. 7-9(a).  "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).  Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion.  *See United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).  Nanometrics brings the Motion under Local Rule 7-9(b)(3).  *See* Mot. 1–2.

## II. DISCUSSION

The Court has carefully reviewed Nanometrics's Motion, the helpfully provided record citations, and the parties' briefings on Nanometrics's Motion for Summary Judgment (the "MSJ"). Broadly, the Court finds that the arguments raised by Nanometrics go to factual disputes to be decided by a jury.

With respect to Nanometrics's argument that the Court found a dispute of fact based on a new argument of excuse put forth by Optical, the Court advises that it did not and does not read Optical's brief in opposition to the MSJ to assert a new theory of excuse from performance.  *See* MSJ Opp'n, ECF No. 141.  Accordingly, the Court's MSJ Order does not adopt any such theory. Rather, the portions of the MSJ Order challenged by Nanometrics hold that there exist genuine

issues of fact regarding Optical's performance because there are issues of fact on what full performance entailed, not that there exist disputes of fact as to whether Optical's performance was excused.[1]  *See* Mot. 6–8; MSJ Order 7 (Parts III(A)(2)(b)–(c)).  The Court additionally notes that its discussion of Nanometrics's purported failure to provide commercial specifications to Optical, *see id.* (Part III(A)(2)(c)), does not concern excuse, but instead picks up on a theme raised by Nanometrics in its moving papers: that "the parties never reached agreement on commercial terms . . . for the 25 micron production lenses, or any other lens."  *See* Mot. Summ. J. 20, ECF No. 139; MSJ Order 7 (citing Mot. Summ. J. 20); *see also Unruh v. Smith*, 123 Cal. App. 2d 431, 437 (1954) (describing promisee's prevention of performance not as excuse for nonperformance, but as "equivalent to performance by the promisor").  The Court will therefore deny the Motion with respect to the excuse issue of the breach of contract claim.

With respect to Optical's promissory estoppel claim, Nanometrics argues that the MSJ Order should have found that Optical's assertion in its opposition to the MSJ that "there was never a fixed and final design specification for the 25 micron lens project" precluded a conclusion that the promise at issue was clear and unambiguous.  *See* Mot. 8 (citing MSJ Opp'n 17).  Optical made this statement in connection with its arguments opposing Nanometrics's motion for summary judgment on the breach of contract claim.  *See* MSJ Opp'n 17.  Nanometrics then filed a reply in support of its summary judgment motion in which the Court can find no mention of its present promissory estoppel argument based on Optical's statements in the opposition brief.  *See* MSJ Reply 12–14, ECF No. 143.  Accordingly, Nanometrics has not provided a proper basis for a motion for reconsideration on this ground, *i.e.*, a material difference in fact or law, the emergence of material facts or a change of law, or a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court prior to the issuance of the MSJ Order.  *See* Civ. L.R. 7-9(b).  Further, to the extent this argument is in any way based on the same issue of excuse discussed above, given the reference in the MSJ Order's discussion of promissory

---

[1] To the extent the section heading of "Performance or Excuse for Nonperformance" caused confusion, the Court clarifies that the heading refers to the general statement of the element of a breach of contract claim as it was previously described in the MSJ Order.  *See* MSJ Order 5, 6.

3

estoppel to the Court's reasoning on performance, *see* MSJ Order 9 ("However, for the reasons described above, [Optical] has provided sufficient evidence to create a genuine dispute of fact as to whether it in fact met the condition for the promise . . . ."), the Court will deny the Motion for the same reasons.

### III. ORDER

For the foregoing reasons, the Court hereby DENIES Nanometrics's Motion for Leave to File a Motion for Partial Reconsideration of the Court's Order Denying Summary Judgment. The action will go forward according to the current trial schedule.

**IT IS SO ORDERED.**

Dated: October 31, 2023

Beth Labson Freeman
United States District Judge