UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTICAL SOLUTIONS, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NANOMETRICS, INCORPORATED, et al.,<br><br>    Defendants.<br>NANOMETRICS, INCORPORATED, et al.,<br><br>    Cross-Plaintiffs,<br><br>  v.<br><br>OPTICAL SOLUTIONS, INC., et al.,<br><br>    Cross-Defendants. | Case No. 18-cv-00417-BLF<br><br>**ORDER GRANTING RESERVED PORTION OF NANOMETRICS, INC.'S MOTION IN LIMINE NO. 2**<br><br>Re: ECF Nos. 163, 191 |

On October 20, 2023, the Court held a pretrial conference in this action, during which it issued oral rulings on Nanometrics, Inc.'s motions *in limine*. The Court subsequently issued an order the ("MILs Order") expanding on those oral rulings. *See* Order Re Nanometrics's MILs, ECF No. 191. As explained in the MILs Order, the Court reserved its decision as to the portion of Nanometrics's Motion *in Limine* No. 2 ("MIL No. 2"), ECF No. 163, seeking to exclude Richard Trissel from testifying as an expert witness for Optical Solutions, Inc. ("Optical") regarding his opinion on whether a lens design he created for Optical met Nanometrics's design specifications for 25-micron lenses. *See* Order Re Nanometrics's MILs 4–5, 7. On November 17, 2023, the Court held an evidentiary hearing, during which Mr. Trissel testified as to the basis for his opinion, and issued an oral ruling granting the reserved portion of Nanometrics's MIL No. 2. The Court now expands on that oral ruling.

## I. LEGAL STANDARD

Federal Rule of Evidence 702 permits a witness to testify as an expert if "(a) the [witness's] scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(a)–(d). Further, an amended version of Rule 702 will go into effect on December 1, 2023—absent action from Congress following the Supreme Court's provision of proposed amendments—under which a party proffering an expert will have to demonstrate to the court that elements (a) through (d) are more likely than not to be true, and Rule 702(d) will require "the expert's opinion [to] reflect[] a reliable application of the principles and methods to the facts of the case." *See, e.g.*, Kristen M. Bush & Kayla M. Kuhn, *Proposed Amendments to Federal Rule of Evidence 702 and Their Impact on Expert Discovery*, American Bar Association, https://www.americanbar.org/groups/tort _trial_insurance_practice/ publications/the_brief/ 2022- 23/winter/proposed-amendments-federal-rule-evidence-702-and-their-impact-expert-discovery/ (June 14, 2023).

Trial in this action is scheduled to begin on December 4, 2023, at which point the amended version of Rule 702 will be in effect.

## II. DISCUSSION

Nanometrics seeks to exclude Mr. Trissel's opinion that his 25-micron optical lens design met Nanometrics's design specifications, on the ground that Mr. Trissel's report does not identify a methodology or analysis backed by an objective source on which his opinion is based. *See* MIL No. 2, at 1, 2–3. Optical counters that Mr. Trissel's education and experience as an optical designer qualify him as an expert, and that he is able to establish a methodology sufficient to form a basis for his expert testimony. *See* Opp'n to MIL No. 2, ECF No. 179.

At the evidentiary hearing, Mr. Trissel described his use of the modeling, optimization, and analytical tool of Zemax, a software program for optical lens designers, to create and test a lens design in response to Nanometrics's specifications for a 25-micron lens. Mr. Trissel is clearly knowledgeable about Nanometrics's design specifications and the specialized processes he

undertook to achieve a 25-micron lens design that he believed met those specifications. That is, Mr. Trissel's testimony is, at bottom, a description of what he did to design the lens and why he made his design choices, all based on his experience. But "the test under *Daubert* is not the correctness of the expert's conclusions, but the soundness of his methodology." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995). Neither Mr. Trissel's proffered expert report, *see* Decl. of Ryan C. Stevens in Supp. of Nanometrics' Mots. *in Limine* Nos. 1–5, Exh. 5, ECF No. 167-1, nor his testimony at the evidentiary hearing, indicate that Mr. Trissel's opinion on whether his lens design met Nanometrics's specifications is "the product of reliable principles and methods," *see* Fed. R. Evid. 702(c), or that Mr. Trissel "reliably applied the principles and methods to the facts of the case," *see id.* at 702(d), let alone that his opinion meets the more stringent standard under the amendment to Rule 702(d)—which will be in force by the time Mr. Trissel testifies at trial—by "reflecting a reliable application of the principles and methods." *See Daubert*, 43 F.3d at 1319 ("[These materials] neither explain the methodology the experts followed to reach their conclusions nor point to any external source to validate that methodology . . . [and] that's not enough.").

Accordingly, the Court hereby GRANTS the reserved portion of Nanometrics's Motion *in Limine* No. 2, so that Mr. Trissel may not provide expert opinion testimony as to whether his 25-micron lens design met Nanometrics's design specifications. This decision does not preclude Optical from eliciting percipient witness testimony from Mr. Trissel regarding his experience and his work on the 25-micron lens design, or Nanometrics from objecting to such testimony at trial.

**IT IS SO ORDERED.**

Dated: November 21, 2023

Beth Labson Freeman
United States District Judge

3